UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE PILLSBURY COMPANY, INC., | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:01-CV-1476-WBH |
| WEST CARROLLTON PARCHMENT COMPANY, INC., | |
| Defendant. | |

## ORDER

This matter is before the Court on Plaintiff's Motion for Judgment as a Matter of Law, or in the alternative, for New Trial [111]. Pursuant to Fed. R. Civ. P. 50, 59(a), and 60(b)(1) and (6), Plaintiff moves the Court for judgment as a matter of law or, in the alternative, for a new trial as a result of the jury's verdict in favor of the Defendant. In support of said motion, Plaintiff argues that the evidence taken in a light most favorable to Defendant provides no basis for a reasonable jury to return a defense verdict on the question of liability. Alternatively, Plaintiff submits that a new trial is warranted because: (1) evidence of insurance payments was improperly introduced at trial; and (2) the specifications should have been made a part of the contract as a matter of law.

When considering a motion for judgment as a matter of law the Court "must view all the evidence in the light most favorable to the nonmoving party and draw all

reasonable inferences in favor of the nonmoving party. Courts may grant the motion only if it finds that reasonable people exercising impartial judgment could not arrive at a contrary verdict, and may not weigh the evidence or decide the credibility of witnesses." Berman v. Orkin Exterminating Co., Inc., 160 F.3d 697, 701 (11th Cir.1998) (internal citations and quotations omitted). District courts may "not second-guess the jury or substitute [the court's] judgment if [the jury's] verdict is supported by sufficient evidence." Gupta v. Fla. Bd. of Regents, 212 F.3d 571, 582 (11th Cir.2000).

When considering whether to grant a new trial, however, the Court must determine whether "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of the verdict. Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir.2001) (citations omitted).

Applying these standards to the instant case, and after considering the parties' respective arguments, the Court finds that Plaintiff has not demonstrated that it is entitled to the relief requested based on the record in this case. As such, Plaintiff's Motion for Judgment as a Matter of Law, or, in the alternative, for a New Trial [111] is DENIED.

By stipulation of the parties, Plaintiff's Response to Defendant's Motion for Costs [107] is due within 10 days of the date of this Order.

2

It is so ORDERED this 22 day of December, 2005.

*/s/ Willis B. Hunt*
Willis B. Hunt, Jr.
Judge, United States District Court